FREDERICK L. EWANS *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware. (No. 77, November Term, 1906.)

AUGUSTUS F. WELCH *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware. (No. 78, November Term, 1906).

*Street Railway—Public Highway—Personal · Injuries—Fellow-traveler—Street Crossing—Negligence—Due Care —Positive and Negative Testimony—Burden of Proof—Measure of Damages.*

1.   The defendant railway company could move its car only along its railway in the street within a fixed space, and within that space necessarily had the right of way as against other persons using the street on foot or in vehicles.   Such others so using the street had no right unnecessarily to obstruct or interfere with such right of way, and thereby delay persons traveling in said cars.   In using said street each party was bound to have reference to its reasonable use by others.

2.   The general rule is that each party must take such precaution as an ordinarily prudent and careful man would take under like circumstances.   Each party is bound to the reasonable use of his sight and hearing, and is also bound by his familiarity with and knowledge of the particular locality.

3.   Negligence is never presumed.   It must be proved.   The burden of proving it rests upon the plaintiff.

4.   Positive testimony, in general, is entitled to greater weight than merely negative testimony.

5.   Where two persons are riding together, the one driving the vehicle, the negligence of the driver may not be imputed to his fellow-rider, but such fellow-rider is not thereby relieved of responsibility.   He is as much bound as the driver to the exercise of reasonable care and caution to prevent accident.

6.   Measure of damages in each case stated.

*(November* 29, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*J. Harvey Whiteman* for plaintiffs.

EWANS AND WELCH vs. WIL. CITY RY.      459

CHARGE.

*Walter H. Hayes* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, November Term, 1906.

ACTIONS ON THE CASE to recover damages for personal injuries to plaintiffs, while riding together in a carriage drawn by a horse, and crossing the track of the defendant company at the intersection of Eighth and Pine Streets in the City of Wilmington; said injuries being alleged to have been caused by a car of the defendant negligently colliding with the said team.

The facts sufficiently appear in the charge of the Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—You are trying two distinct actions. One of them is by Frederick L. Ewans, one of the plaintiffs, and another by Augustus F. Welch, as plaintiff, both being against The Wilmington City Railway Company, the defendant. In both of these actions, damages are asked for by the plaintiff in each case for injuries claimed to have been received by him through the negligence of the defendant, on the sixth day of October, 1906, at the intersection of Eighth and Pine Streets in this City.

The actions are thus tried together by consent of counsel as a matter of convenience; the evidence and the law in each being practically the same.

Both plaintiffs claim, that on the said sixth day of October, they were riding together in a carriage, drawn by a horse, which carriage and horse were the property of the said Ewans, and were driving northerly on said Pine Street in the exercise of due care. That while so driving, in crossing the track of the said railway company at the intersection of said Pine Street with said Eighth Street, the carriage in which they were riding was struck and broken by one of the cars operated by the defendant company; that both the plaintiffs were thrown upon the ground, receiving thereby severe injuries, and that the horse, harness and carriage

were badly damaged.   The said Ewans demands compensation for his personal injuries, and also for the damage done to his horse, carriage and harness.   The said Welch demands compensation for his personal injuries only.

The particular negligence charged against the defendant company, is that the car at the time it struck the driver, was being run at a high and dangerous rate of speed, without ringing or sounding its gong or giving any warning.

At the time of the accident, both the said Pine and Eighth Streets were public highways of this City.   Both the plaintiffs and the defendant company had the right to use the same in a proper and lawful manner.

The defendant company could move its car only along its railway in said streets within a fixed space, and within that space necessarily had the right of way as against other persons using the street on foot or in vehicles, and who were free to use any and all parts of the street at their pleasure.   Such others so using the street had no right unnecessarily to obstruct or interfere with such right of way, and thereby delay persons traveling in said cars.   In using said street, each party was bound to have reference to its reasonable use by others.   In such use the railway company and persons using the same on foot or in vehicles, were alike bound to the exercise of due care and caution to prevent injuries; the care and caution being in proportion to the  danger of such use in each particular  instance.

If the crossing was dangerous, much frequented, the view obstructed or otherwise, greater precaution was required of both the company and other users.   It would be the duty of each of them in such case to take every reasonable means and precaution to ascertain and avoid the danger.

We will not attempt to say what particular means and precaution must be taken in any one case; as they would vary with the circumstances of each particular case.   The general rule is that each party must take such precaution as an ordinarily prudent and careful man would take under like circumstances.

Each party is bound to the reasonable use of his sight and

hearing, and is also bound by his familiarity with and knowledge of the particular locality.

The right of the plaintiff to recover in each suit is founded upon the negligence of the defendant. If you should find from the evidence that there was no negligence on the part of the company, which was the proximate cause of the injuries complained of, your verdict in each case should be for the defendant. Negligence is never presumed. It must be proved. The burden of proving it rests upon the plaintiff.

Positive testimony, in general, is entitled to greater weight than merely negative testimony.

Where two persons are riding together, the one driving the vehicle, the negligence of the driver may not be imputed to his fellow-rider; but such fellow-rider is not thereby relieved of responsibility. He is as much bound as the driver to the exercise of reasonable care and caution to prevent accident.

Applying the principles of law we have just stated to the facts proven, you are to render your verdict in each case.

If after full consideration of the evidence, you believe that there was negligence on the part of the defendant company, and that such negligence was the proximate cause of the injury complained of in each suit, your verdict should be for the plaintiff in each suit. You should, however, render a separate verdict in each case.

In the case of Welch, if your verdict should be for the plaintiff, it should be for such a sum as will reasonably compensate him for the injuries to his person, taking into consideration the pain and suffering and his loss of power to perform labor in the past and in the future, which you may find to be the result of the injuries sustained by him, and also his expenses for medicine and medical attendance incurred by reason thereof.

In the case of Ewans, if your verdict should be for the plaintiff, you should add to a reasonable amount for his personal injuries, and expenses for medicine and medical attendance in-

curred by reason thereof, a reasonable sum for the damage done to his horse, harness and carriage.

Should you believe, however, from the testimony, that there was no negligence on the part of the defendant company, your verdict should be for the defendant. In like manner it should be for the defendant in either or both cases if the evidence shows that one or both the plaintiffs was guilty of contributory negligence.

Verdict for plaintiff Ewans for $325.
Verdict for plaintiff Welch for $225.